The Cloyd W. Miller Company v. Commissioner.
The Cloyd W. v. Commissioner
Docket No. 6987.
United States Tax Court
1948 Tax Ct. Memo LEXIS 187; 7 T.C.M. (CCH) 290; T.C.M. (RIA) 48081; May 17, 1948
Cloyd W. Miller (an officer), for the petitioner. Thos. F. Callahan, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined deficiencies in petitioner's income and declared value excess-profits taxes for the fiscal years ending October 31, 1940, 1941, and 1942, as follows: Declared Value
Year
Income
Excess-Profits
Ended
Tax
Tax
10-31-40
$175.08
$ 9.61
10-31-41
199.61
10-31-42
313.96
101.21
Totals
$688.65
$110.82
The only question in dispute is the amount of depreciation deductions to which the petitioner is entitled on an apartment building which it owns and operates. Findings of Fact The petitioner is an Ohio corporation, with its principal office at Cleveland Heights, Ohio. It filed its return for the years involved with *188 the collector of internal revenue for the 18th district of Ohio. The petitioner owns an apartment building located at 1871 East 97th Street, Cleveland, Ohio. The building was erected in 1915 at a cost of $45,000. It is four stories high, of a brick and steel construction, and contains sixteen apartments of from two to eight rooms each. It is structurally sound, has the usual modern conveniences, has been well maintained, and is in good condition for a building of its age. The location is favorable for an apartment building of its type, being convenient to transportation, schools, and shopping districts. It has been occupied at all times at approximately its full capacity. The gross rentals and cost of operation of the building for the fiscal years ended October 31, 1940, 1941, and 1942 were as follows: Year
Gross
Cost of
Ended
Rental
Operation
10-31-40
$10,229.00
$3,967.21
10-31-41
10,354.00
4,439.95
10-31-42
10,774.50
3,372.88
Until October 31, 1939, the petitioner claimed in its returns and was allowed a depreciation deduction on the building of $1,800 per year, based on a cost of $45,000 spread over a useful life of twenty-five years. The *189 petitioner's income tax returns for the taxable years involved show a total cost for the building at the beginning of the petitioner's taxable year 1940 of $49,591.81 and a depreciation reserve of $43,200. In determining the deficiencies herein the respondent reduced the depreciation deductions claimed in those years of $1,800 each to $399.49 in 1940, $455.88 in 1941, and $521.14 in 1942. In his computation of the depreciation allowances the repondent determined that the building had a remaining useful life at the beginning of the taxable year 1940 of sixteen years. Opinion LEMIRE, Judge: The petitioner does not question the respondent's determination that the building under consideration had a remaining useful life November 1, 1939, the begining of the petitioner's taxable year ended October 31, 1940, of sixteen years. Neither does it question the amount that the respondent has used as the remaining value of the building at that time. In fact, we are unable to determine from the record before us just what are the petitioner's contentions in this case. Neither in its petition nor its brief is there outlined any clear-cut issues of fact or law. The statute provides for "A reasonable *190 allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income." See Sec. 23, Internal Revenue Code. That provision has long been construed as authorizing such reductions as in the aggregate will return to the taxpayer his cost or other basis of the asset, less salvage value, at the end of its useful life. The two facts established by the evidence of record support the adjustments which the respondent has made in the depreciation deductions. For lack of proof of any error in the respondent's determination, it is sustained. Decision will be entered for the respondent.